STATE, EX REL, LORRETTA HEAD ) 
OVERSTREET, )
 )
      Plaintiff/Appellee, )
 ) Appeal No.
 ) 01-A-01-9507-CH-00309
VS. )
 ) Smith Chancery
 ) No. 5357
PAUL DANIEL KING, )
 )
      Defendant/Appellant. )

**FILED**

**Jan. 24, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF SMITH COUNTY
AT CARTHAGE, TENNESSEE

THE HONORABLE C. K. SMITH, JUDGE

CHARLES W. BURSON
Attorney General & Reporter

WILLIAM ASHBY SMITH, JR.
Assistant Attorney General
404 James Robertson Parkway
Nashville, Tennessee  37243-0499
      Attorney for Plaintiff/Appellee

THOMAS H. BILBREY
1024 Scottsville Highway
P. O. Box 97
Lafayette, Tennessee  37083
      Attorney for Defendant/Appellant

AFFIRMED AND REMANDED




BEN H. CANTRELL, JUDGE

CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

The only issue raised in this paternity action is whether there is any material evidence to support the jury's verdict that the appellant was the father of the child. We affirm.

The appellee testified that beginning in the early part of 1983 she engaged in sexual intercourse with the appellant approximately once a week. These liaisons lasted most of the year, even after the appellee became pregnant in October of 1983. She testified that she was not having sex with anyone else during the relevant period.

The appellee also produced the testimony of the director of a Nashville laboratory that ran certain blood tests on the mother, the child, and the appellant. The first test, performed in 1985 and testing blood cell characteristics, showed an 83.3% probability that the appellant was the child's father. A DNA test administered in 1993 established a relative chance of paternity at 99.83%. Combining the test results established a 99.96% chance of paternity.

The appellant argues that the appellee's testimony should have been excluded by the doctrine of judicial estoppel. He cites her sworn allegations in a paternity action and an action for outrageous conduct filed in 1984. In those pleadings she swore (1) that when she learned she was pregnant the appellant gave her twenty dollars to buy medicine to induce an abortion, and (2) that the appellant had acknowledged by words and acts that he was the child's father. At the trial below the appellee testified (1) that she did not talk to the appellant after she learned that she was pregnant, until after the child was born and, (2) that the appellant had never acknowledged that the child was his.

As a general rule, the doctrine of judicial estoppel prevents a witness from contradicting sworn testimony given in a prior judicial proceeding. *In Re: Adoption of Johnson*, 678 S.W.2d 65 (Tenn. App. 1984). But the application of the doctrine in this case would not help the appellant. If the appellant had objected at the trial and the two contradictory statements had been excluded, it would not change the essential parts of the appellee's testimony. Nor would it have affected the scientific evidence showing the probability that the appellant was the child's father.

The appellant also cites the large amount of evidence in the record that contradicts the appellee's version of the facts and points toward her stepfather, the appellant's brother, as the real father of the child. These, however, were facts for the jury to consider. We cannot reweigh the evidence and must affirm if there is material evidence to support the verdict. Rule 13(d), Tenn. R. App. Proc.

The judgment of the trial court is affirmed. The cause is remanded to the Chancery Court of Smith County for any further proceedings necessary. Tax the costs on appeal to appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE

- 3 -